IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT PIETILA,

                                                                                       OPINION AND ORDER

                       Plaintiff,

                                                                                          20-cv-506-bbc

     v.

SGT YORK AND JANE AND JOHN DOES,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Michael Scott Pietila has filed a civil action under 42 U.S.C. § 1983, alleging that Sergeant York at Waupun Correctional Institution violated plaintiff's constitutional rights by opening plaintiff's legal mail outside of plaintiff's presence. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Because plaintiff's allegations do not state a federal claim, I am dismissing his complaint.

OPINION

Plaintiff alleges that defendant Sergeant York opened a letter to plaintiff from the ACLU of Milwaukee, outside of plaintiff's presence. Plaintiff alleges that York opened the letter in retaliation for plaintiff's suing York's wife, a nurse, in another lawsuit. The letter from the ACLU was in response to plaintiff's seeking representation in another case. The ACLU declined to represent plaintiff, and included information about how prisoners can

1

assert their rights in prison.

A prison official can be liable for violating the First Amendment if the official retaliates against a prisoner for the prisoner's exercise of First Amendment rights. To state a retaliation claim, a plaintiff must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff's allegations suggest that he engaged in protected activity by filing a lawsuit against a prison nurse. However, his retaliation claim fails at the second factor, because his allegations do not suggest that he suffered a deprivation that would likely deter First Amendment activity in the future. Defendant York's opening of a single legal letter outside of plaintiff's presence is not serious enough to implicate plaintiff's constitutional rights.

Generally, as part of a prisoner's First Amendment right of access to the courts, prison staff may not open correspondence from a prisoner's lawyer out of the prisoner's presence. Guajardo-Palma v. Martinson, 622 F.3d 801, 804 (7th Cir. 2010). However, opening mail violates a prisoner's right of access to the courts only if the mail is a privileged communication between the prisoner and an attorney, Kaufman v. McCaughtry, 419 F.3d 678, 686 (7th Cir. 2005), and the opening of the mail impeded the prisoner's ability to pursue a nonfrivolous action in court. Guajardo-Palma, 622 F.3d at 804. An isolated incident of prison staff opening legal mail is not likely to interfere with a prisoner's right of

access to the court. Id.

In this instance, plaintiff alleges that, on one occasion, defendant York opened a letter that plaintiff received from the ACLU declining to represent him in a case. These allegations do not suggest that the letter was a privileged communication between plaintiff and an attorney, such that York's review of the letter would give plaintiff's opponents any advantage in his ongoing civil cases. Nor does plaintiff allege that York's review of the letter interfered with plaintiff's ability to access the courts. Thus, York's one-time decision to open plaintiff's mail was not unconstitutional, and an ordinary prisoner would not be deterred from engaging in protected speech by York's action. Therefore, plaintiff may not proceed with any federal claim against York.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Scott Pietila is DENIED leave to proceed on any claim in this case, and this case is DISMISSED.

2. Plaintiff is assessed a strike under 28 U.S.C. § 1915A.

Entered this 10th day of August, 2020.

                                          BY THE COURT:
                                          /s/

                                          _____
                                          BARBARA B. CRABB
                                          District Judge